In re Andrew L. BLACK; Irvelle C. Black, Debtors.

AT & T UNIVERSAL CARD SERVICES, Appellant,

v.

Andrew L. BLACK, Appellee.

BAP No. CC–97–1633–OMeJ.
Bankruptcy No. LA 95–31371 SB.
Adversary No. LA 95–04755 SB.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted May 21, 1998.

Decided July 17, 1998.

Anne L. Keck, Ahern & Keck, Santa Rosa, CA, for AT & T Universal Card Services.

Before: OLLASON, MEYERS and JONES, Bankruptcy Judges.

## OPINION

OLLASON, Bankruptcy Judge.

AT & T Universal Card Services ("AT & T") appeals the bankruptcy court's entry of a default judgment for dischargeability of a debt in favor of the defaulting debtor, Andrew Black ("Black" or "debtor"), notwithstanding a mandate from the Ninth Circuit Bankruptcy Appellate Panel ("BAP"), which AT & T contends remanded the case to enter judgment in its favor.

We REVERSE and REMAND with instructions to enter default judgment in favor of AT & T.

## BACKGROUND FACTS and PROCEEDINGS

On May 24, 1995, Black opened a credit card account with AT & T. Between May 24 and July 17, 1995, Black incurred purchase charges and cash advances on his account. On August 21, 1995, Black filed a voluntary chapter 7 [1] petition.

On November 27, 1995, AT & T filed a complaint in Black's bankruptcy case to determine the dischargeability of a credit card debt in the amount of $2,929.99. AT & T asserted that the debt was nondischargeable pursuant to § 523(a)(2)(A) for actual fraud. Paragraph No. 6 of the complaint stated:

> 6. Plaintiff is informed and believes that Defendant incurred the debt described in Paragraph No. 5, above, through actual fraud. Plaintiff is informed and believes that at the time Defendant incurred the charges described herein, he did not intend to repay them. Further, Plaintiff is informed and believes that at the time the charges were incurred, Defendant knew or reasonably should have known that he did not have the ability to repay Plaintiff.

Black did not answer or appear. On February 12, 1996, AT & T filed a request for entry of default and a motion for default judgment in the amount of $3,049.99.[2] To prove up its default against Black, AT & T attached declarations and exhibits consisting of the credit card statements and the credit agreement. Default was entered on February 26, 1996, by the Clerk of the Bankruptcy Court.

Without holding a hearing, on February 26, 1996, the bankruptcy court denied AT & T's motion for default judgment. On the form order the bankruptcy court struck the preprinted words "Judgment shall be entered in favor of Plaintiff ... and against Defendant," and interlined the words "Judg-

---

1. References to "chapter," "section/ § ," or "code" are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330. References to "Fed.R.Bankr.P." are to the Federal Rules of Bankruptcy Procedure, 1001–9036, which make applicable certain

Federal Rules of Civil Procedure ("Fed.R.Civ. P.").

2. This amount included filing fees of $120.00 added to the debt of $2,929.99.

ment is denied—no evidence of justified reliance; no evidence of intent not to pay."

AT & T filed a motion for reconsideration with additional factual allegations and documentation, including Black's bankruptcy schedules, and argued that the debt was nondischargeable in consideration of the *Dougherty*[3] factors. AT & T also argued that " 'reasonable reliance' is not a factor which should be considered in determining whether a credit card debt is nondischargeable under the *Dougherty* criteria." *See* Motion to Reconsider, at 5, ¶ 8. A hearing on the motion was held on May 7, 1996. On May 30, 1996, the bankruptcy court entered an order denying AT & T's motion for reconsideration "on the ground that the Court finds no evidence that Plaintiff's reliance on payment of the credit card debt was justified."

AT & T filed a timely notice of appeal of both bankruptcy court orders. The appeal was submitted without oral argument to the BAP, as BAP No. CC–96–1564. On April 10, 1997, the BAP filed its Memorandum, from which the following facts are taken.

The BAP first considered its jurisdiction to hear the appeal from the order denying default judgment, for such orders are generally interlocutory. *See In re Lee*, 186 B.R. 695, 697 (9th Cir. BAP 1995). The BAP determined that the order "appear[ed] to be interlocutory." Memorandum at 4. It then deemed the notice of appeal as a motion for leave to appeal and granted leave to appeal pursuant to Fed.R.Bankr.P. 8003(c).

The BAP framed the sole issue on appeal as follows:

Whether the court below applied the correct legal standard to determine whether the discharge of debtor's credit card debts should be denied under section 523(a)(2)(A).

Memorandum at 3.

The BAP further stated that this issue "involved a controlling question of law as to whether a creditor must show justifiable reliance [on] a debtor's misrepresentation to have a credit card debt declared nondischargeable." Memorandum at 5.

The BAP examined various theories which had been applied to credit card cases to deal with the elements of reliance and misrepresentation. It concluded that the Ninth Circuit had adopted the *Dougherty* analysis, citing *In re Eashai*, 167 B.R. 181, 183 (9th Cir. BAP 1994), *aff'd*, 87 F.3d 1082 (9th Cir.1996). The bankruptcy court had not applied the *Dougherty* analysis, however, and improperly required proof that AT & T's reliance was justified. Therefore, the bankruptcy court's judgment was based on incorrect law, the BAP held. *See* Memorandum at 8–9.

Next, the BAP determined that the Panel could enter default judgment if AT & T's pleadings sufficiently showed fraud on the debtor's part, citing *Lee*, 186 B.R. at 699. *See* Memorandum at 9. Reviewing the record, the BAP found that AT & T's complaint, particularly Paragraph No. 6, did not plead fraud with particularity, as required under Fed.R.Bankr.P. 7009/Fed.R.Civ.P. 9(b). Nevertheless, the BAP considered the pleadings and exhibits submitted by AT & T with its motion for reconsideration. The facts provided therein by AT & T "provided sufficient documentation to permit us to enter a default judgment against the debtor," the BAP held. Memorandum at 11.

The BAP concluded as follows:

Despite the debtor's default and total non-participation, the trial court denied AT & T a default judgment. The trial court applied an incorrect legal standard and, therefore, erred when it denied AT & T a default judgment because AT & T did not show reliance. AT & T has provided adequate evidence to show that it is entitled to a default judgment. Therefore, we REVERSE the trial court's denial of default judgment and REMAND for entry of judgment in accordance herewith.

Memorandum at 11.

The BAP's judgment was filed on April 4, 1997, and stated: "[I]t is ordered and adjudged by this Panel that the judgment of the Bankruptcy Court is REVERSED AND REMANDED." The BAP's mandate, a certified copy of the judgment and Memoran-

---

3. *In re Dougherty,* 84 B.R. 653 (9th Cir. BAP 1988).

dum returning jurisdiction to the bankruptcy court, was issued on May 8, 1997.

On June 9, 1997, AT & T applied to the bankruptcy court for entry of default judgment in its favor pursuant to the mandate and Memorandum. A hearing was held on the matter on July 1, 1997. Apparently, the bankruptcy court's published tentative decision was to schedule a prove-up hearing on AT & T's motion related to issues other than reliance. The following exchange took place between AT & T's counsel and the court:

> [COUNSEL]: [I]t appeared to us that it was simply a matter of entering the judgment, pursuant to the BAP's order.
>
> THE COURT: It doesn't so appear to me, sir.
>
> . . . .
>
> [COUNSEL]: May I ask just for the record, your Honor, why you don't feel that it's sufficient. I mean, it does say that AT & T has provided adequate evidence to show it's entitled to a default judgment. It sounds to me like—
>
> THE COURT: That's something I've never ruled on, sir. I only ruled on one issue. There was an interlocutory appeal. The other issues I haven't ruled on, and so I don't intend to enter a judgment without considering it.

Transcript of July 1, 1997 Hearing, at 1–2.

The bankruptcy court also stated that it "would not give any weight to" the declarations submitted, and required AT & T to prepare live witness testimony and documentary evidence at the prove-up hearing. *See* Transcript of July 1, 1997 Hearing, at 2. The prove-up hearing was scheduled for August 14, 1997.

The prove-up hearing went forward as scheduled, following the bankruptcy court's denial of AT & T's oral motion to continue pending review of its petition for a writ of mandamus.[4] However, AT & T had no witnesses to present. Its counsel stated that he appeared solely to request a continuance.

*See* Transcript of August 14, 1997 Hearing, at 1.

On September 18, 1997, the bankruptcy court entered default judgment in favor of Black due to AT & T's "failure to prosecute." AT & T timely appealed.

## ISSUES

Whether the bankruptcy court (1) failed to follow the BAP's mandate when it denied AT & T's application for entry of default judgment; (2) exceeded the scope of the BAP mandate when it scheduled a prove-up hearing; and (3) abused its discretion by entering default judgment in favor of Black.

## STANDARD OF REVIEW

■■■ The Panel reviews legal issues under the *de novo* standard. *In re Kirsh*, 973 F.2d 1454, 1456 (9th Cir.1992). Whether the bankruptcy court failed to follow the law of the case is an issue of law. *Liberty Mut. Ins. Co. v. E.E.O.C.*, 691 F.2d 438, 440 (9th Cir.1982). Whether a trial court exceeded the scope of the remand is an issue of law. *See Mirchandani v. United States*, 836 F.2d 1223, 1225 (9th Cir.1988) ("A rule requiring a trial court to follow an appellate court's directives that establish the law of a particular case is necessary to the operation of a hierarchical judicial system.").

■■■ The granting of a default judgment will be upheld unless there was an abuse of discretion. *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1391–92 (9th Cir. 1988), *cert. denied*, 493 U.S. 858, 110 S.Ct. 168, 107 L.Ed.2d 124 (1989). Under the abuse of discretion standard, the Panel "must have a 'definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached,' before reversal is proper." *In re Tong Seae (U.S.A.), Inc.*, 81 B.R. 593, 597 (9th Cir. BAP 1988) (quoting *Mission Indians v. American Management & Amusement, Inc.*, 824 F.2d 710, 724 (9th Cir.1987)).

---

4. On August 11, 1997, AT & T filed a Petition for Writ of Mandamus with the BAP, contending that the BAP's mandate required entry of default judgment in favor of AT & T without further evidentiary proceedings. AT & T filed a concurrent motion for stay pending review of the petition for mandamus. On August 13, 1997, the BAP denied the petition and motion for stay.

## DISCUSSION

■ AT & T contends that the bankruptcy court erred by failing to grant its application for entry of default judgment pursuant to the BAP mandate and Memorandum.[5] When a case has been decided by an appellate court and remanded, the trial court "must proceed in accordance with the mandate and such law of the case as was established by the appellate court." *Firth v. United States,* 554 F.2d 990, 993 (9th Cir.1977).

> [W]hen acting under an appellate court's mandate, an inferior court "cannot vary it, or examine it for any other purpose than execution; or give any other or further relief; or review it, even for apparent error, upon any matter decided upon appeal; or intermeddle with it, further than to settle so much as has been remanded."

*In re Beverly Hills Bancorp,* 752 F.2d 1334, 1337 (9th Cir.1984) (quoting *In re Sanford Fork & Tool Co.,* 160 U.S. 247, 255, 16 S.Ct. 291, 40 L.Ed. 414 (1895)).

■ Although the mandate of an appellate court "forecloses the lower court from reconsidering matters determined in the appellate court, it 'leaves to the [lower] court any issue not expressly or impliedly disposed of on appeal.'" *Nguyen v. United States,* 792 F.2d 1500, 1502 (9th Cir.1986) (quoting *Stevens v. F/V Bonnie Doon,* 731 F.2d 1433, 1435 (9th Cir.1984)). *See also Liberty Mutual,* 691 F.2d at 441 (on remand, trial court is not free to decide issues previously decided on appeal either "explicitly or by necessary implication").

The bankruptcy court determined that the mandate encompassed only the issue of whether AT & T had to prove reliance upon Black's alleged fraud. The bankruptcy court reasoned that it had not yet ruled on all the required elements under § 523(a)(2)(A). *See* Transcript of July 1, 1997 Hearing, at 2.

Another example of the bankruptcy court's approach in a similar·but not identical default situation is illustrated in *Lee.* In *Lee,* Citibank filed a complaint in the same bankruptcy court to determine dischargeability of a credit card debt. The debtor did not answer or appear, yet the bankruptcy court refused to enter default judgment in favor of Citibank due to a perceived deficiency in the pleadings regarding the reliance factor. On appeal, the BAP found that the bankruptcy court erroneously applied the assumption of the risk theory.[6] *Lee,* 186 B.R. at 698. The BAP then determined that Citibank's pleadings sufficiently pleaded all the elements of nondischargeability under § 523(a)(2)(A). *Id.* at 699. The BAP reversed and remanded with instructions that a default judgment be entered in favor of Citibank. *Id.*

*Lee* also involved a form judgment which contained wording that judgment was being entered in favor of the defendant/debtor concurrently with the denial of the plaintiff's motion for default judgment. Unlike the case at bar, in *Lee* the wording regarding entry of judgment for the debtor was not stricken. Thus, on appeal of the judgment, the BAP considered the order a final, appealable order. *Id.* at 697. In a concurring opinion, Judge Meyers stated that he believed the bankruptcy court intended only to deny Citibank's request for a default judgment but not to enter judgment for the debtor. But for an inadvertent mistake, the appeal "would thus have been dismissed as interlocutory," Judge Meyers opined. *Id.* at 700.

■ Generally, when a motion for default judgment has merely been denied, but default judgment has not yet been granted to either party, the bankruptcy court is not foreclosed from conducting evidentiary hearings. The bankruptcy court has "wide discretion in deciding whether or not to enter a default judgment under Fed.R.Civ.P. 55, and the Rule itself authorizes the bankruptcy court to conduct such hearings 'as it deems

---

5. Although AT & T contends that the BAP's decision is *res judicata,* technically, the BAP remanded to the bankruptcy court for formal entry of the final judgment.

6. Under the assumption of the risk theory, "a credit card company may not properly rely on an applicant's credit application unless a credit check is conducted before issuing the credit card." *Lee,* 186 B.R. at 698 (citing *In re Ward,* 857 F.2d 1082, 1084 (6th Cir.1988)).

necessary and proper.'" *In re Beltran,* 182 B.R. 820, 823 (9th Cir. BAP 1995).[7]

■ We believe the bankruptcy court in this case did not intend to foreclose additional opportunity for hearings in its 1996 judgment, because the court: (1) struck the words regarding entry of judgment in favor of AT & T on the default judgment form, and interlined its own wording denying the motion; (2) did not enter judgment in favor of Black; (3) subsequently referred to the BAP decision as a ruling on an interlocutory order; and (4) stated its belief that there were issues left unresolved.

Unfortunately from the bankruptcy court's perspective, the BAP derailed the bankruptcy court's intentions by granting leave to appeal. The BAP asserted jurisdiction over the February 26, 1996 order on appeal, which stated the reasons for denial as both failure to prove reliance and failure to prove "intent not to pay." Thus, the dispositive fraudulent intent element of § 523(a)(2)(A) was also before the BAP for review.[8]

Notwithstanding that the BAP framed the issue on appeal as whether the bankruptcy court applied the correct legal standard concerning reliance, a good portion of its Memorandum was devoted to examining the sufficiency of the pleadings for entry of default judgment under § 523(a)(2)(A) in favor of AT & T. Furthermore, the BAP held that it had precedent in *Lee* to enter a default judgment on behalf of AT & T based on the record. *See* Memorandum at 9. As the BAP did in *Lee,* the BAP in the instant case held that the pleadings and documentation in the record were sufficient to meet the requirements for fraud under the *Dougherty* standard. *See* Memorandum at 7, 11; *Lee,* 186 B.R. at 699.

In *Lee,* the BAP reversed the bankruptcy court's decision and "remanded ... with instructions to enter default judgment in favor of Citibank." *Id.* The BAP in this case also reversed the bankruptcy court's decision and "remanded ... for entry of judgment in accordance herewith." Memorandum at 11. The statements in the Memorandum to the effect that the BAP "may enter a default judgment in favor of AT & T," and that the record was sufficient "to permit [the BAP] to enter a default judgment against the debtor," leave nothing to the imagination as to what is meant by "in accordance herewith." Memorandum at 9, 11.

The Memorandum is clear that the BAP: (1) reviewed the issues necessary to enter a default judgment in favor of AT & T; (2) held that default judgment be entered in favor of AT & T; and (3) remanded the case to the bankruptcy court for the purpose of entering a default judgment in favor of AT & T. Furthermore, although the judgment stated only that the bankruptcy court's order was reversed and remanded, reference to the Memorandum was required for its instructions on remand.

The correctness of the BAP's decision is not an issue in this appeal. The bankruptcy court "was obligated to carry out the mandate ... 'whether correct or in error.'" *Colville Confederated Tribes v. Walton,* 752 F.2d 397, 404 (9th Cir.1985), *cert. denied,* 475 U.S. 1010, 106 S.Ct. 1183, 89 L.Ed.2d 300 (1986) (quoting *Firth,* 554 F.2d at 994). The bankruptcy court had denied AT & T's motion on the pleadings. The bankruptcy court did not have the discretion to ignore the BAP's review of the pleadings and to hold a prove-up hearing after the fact by interpreting the mandate as being limited to the reliance issue. *See Beverly Hills Bancorp,* 752 F.2d at 1337. In addition, the bankruptcy court's order requiring AT & T to present live witness testimony was in direct conflict with the BAP's decision, which determined that the evidence submitted by AT & T was sufficient for entry of judgment in its favor.

---

7. *See also In re Villegas,* 132 B.R. 742, 746–47 (9th Cir. BAP1991) (holding that it was inappropriate for the bankruptcy court to enter judgment against the nondefaulting party following a prove-up hearing without giving the plaintiff an opportunity to conduct discovery and have a full trial); *Beltran,* 182 B.R. at 826 (holding that judgment entered for the defendant after a prove-up trial was appropriate where it was clear the plaintiff had no other evidence to present).

8. A creditor alleging actual fraud must prove five elements under § 523(a)(2)(A): (1) the debtor made a material misrepresentation, (2) with knowledge of its falsity, (3) with the intent to deceive, (4) on which the creditor justifiably relied, and (5) due to which the creditor sustained loss or damage. *Kirsh,* 973 F.2d at 1457. In "[c]ases involving the dischargeability of credit card debt, the elements of misrepresentation and reliance don't readily apply." *Lee,* 186 B.R. at 698. Here, the debt was established. The BAP applied the *Dougherty* factors to determine that the remaining fraud elements were proven by AT & T's pleadings and documentary evidence.

Ordinarily, a circumscribed judgment denying a motion for default judgment should not foreclose a bankruptcy court from conducting further evidentiary hearings. This was not an ordinary case, considering the facts and proceedings involved. We hold that the bankruptcy court failed to follow the law of the case and exceeded the mandate of the BAP when it denied AT & T's application for entry of default judgment and scheduled a prove-up hearing. Its subsequent entry of judgment in favor of Black was an abuse of discretion.

## CONCLUSION

In a related appeal in the same case, the BAP held that it had authority to enter a default judgment in favor of AT & T, having determined that AT & T pleaded all of the elements of nondischargeability under § 523(a)(2)(A). The BAP remanded the matter to bankruptcy court with express direction for entry of default judgment in favor of AT & T. The bankruptcy court's refusal to comply with the dispositive Memorandum and mandate was in direct conflict with the law of the case previously decided by the BAP. The bankruptcy court exceeded the mandate by requiring a prove-up hearing and presentation of additional evidence, and by entering default judgment in favor of Black. The bankruptcy court's default judgment in favor of Black is hereby **REVERSED**, and the case is **REMANDED** with instructions to enter default judgment in favor of AT & T.