**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: ) | BAP No. NV-15-1254-JuKiD |
| ) | |
| STAN BRYAN VAUGHAN and ) | Bk. No.  13-14399-GS |
| TATIANA VAUGHAN, ) | |
| ) | Adv. No. 14-01128-GS |
| Debtors. ) | |
| _____ ) | |
| ) | |
| STAN BRYAN VAUGHAN; TATIANA ) | |
| VAUGHAN, ) | |
| ) | |
| Appellants, ) | |
| ) | |
| v. ) | **M E M O R A N D U M**[*] |
| ) | |
| YVETTE WEINSTEIN, Chapter 7 ) | |
| Trustee, ) | |
| ) | |
| Appellee. ) | |
| _____ ) | |

Submitted Without Oral Argument
on February 19, 2016[**]

Filed - February 29, 2016

Appeal from the United States Bankruptcy Court
for the District of Nevada

Honorable Gary A. Spraker, Bankruptcy Judge, Presiding

_____

Appearances:     Stan Bryan Vaughan and Tatiana Vaughan pro se on
brief; Christine A. Roberts of The Furnier Muzzo
Group LLC and James Bennett Clark and Cullen Kuhn
of Bryan Cave LLP on brief for appellee, Yvette

---

[*] This disposition is not appropriate for publication.
Although it may be cited for whatever persuasive value it may
have (see Fed. R. App. P. 32.1), it has no precedential value.
See 9th Cir. BAP Rule 8024-1.

[**] By order entered on August 15, 2014, a motions panel
determined that this appeal was suitable for submission on the
briefs and record without oral argument.

-1-

Weinstein, Chapter 7 Trustee.

_____

Before:  JURY, KIRSCHER, and DUNN, Bankruptcy Judges.

After debtors Stan Bryan Vaughan and Tatiana Vaughan (Debtors) obtained their discharge, the chapter 7[1] trustee, Yvette Weinstein (Trustee), discovered that they had failed to disclose potential assets.  Trustee sought and obtained, over Debtors' opposition, an order authorizing her to schedule Rule 2004 examinations for both debtors (Rule 2004 Order). Trustee filed and served a notice scheduling the examinations for both debtors setting the date, time, and location (Notice). Debtors filed numerous motions in an attempt to prevent or stay the examinations which the bankruptcy court denied.

Trustee also filed an adversary complaint against Debtors seeking to revoke their discharge under § 727(d)(1)(discharge obtained by fraud) and (d)(3)(refusal to obey a lawful order of the court).  Debtors failed to appear for the scheduled Rule 2004 examinations.  Relying on Rule 2005(a), Trustee filed a motion to compel Debtors' attendance for examination which the bankruptcy court granted, finding that they evaded the Rule 2004 Order and ordering them to appear for examination under the threat of sanctions.

Thereafter, Trustee moved for partial summary judgment in the adversary proceeding, seeking to have Debtors' discharge

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. "Rule" references are to the Federal Rules of Bankruptcy Procedure and "Civil Rule" references are to the Federal Rules of Civil Procedure.

-2-

revoked under § 727(d)(3) and (a)(6)(A) for their refusal to obey the Rule 2004 Order. The bankruptcy court granted her motion, finding that there were no genuine issues of disputed fact regarding Debtors' awareness of the Rule 2004 Order and their willful and intentional refusal to obey it. In the exercise of its discretion, the bankruptcy court found that Debtors' conduct warranted the revocation of their discharge despite their eventual compliance with the Rule 2004 Order and entered judgment in favor of Trustee. This appeal followed. For the reasons stated below, we AFFIRM.

## I. FACTS[2]

Debtors filed their chapter 7 petition on May 20, 2013. In their schedules, Debtors did not disclose any interest in the trademark "World Chess Federation Hall of Fame." Their statement of financial affairs (SOFA), however, did list several lawsuits involving Mr. Vaughan, World Chess Museum, and World Chess Federation, Inc. (WCF), including a pending action in the United States District Court for the District of Nevada, captioned World Chess Museum, Inc. d/b/a World Chess Hall of Fame v. World Chess Federation, Inc., and Stan Vaughan, individually (Nevada Suit). The Nevada Suit was filed by plaintiff World Chess Museum, Inc., d/b/a World Chess Hall of Fame (WCHOF) to recover monetary damages, obtain injunctive relief and other remedies against WCF and Stan Vaughan, and for

---

[2] We borrow heavily from the facts set forth in the bankruptcy court's Memorandum Decision entered July 13, 2015, in the adversary proceeding pertaining to the chapter 7 trustee's motion for partial summary judgment.

-3-

infringement of its trademark, "World Chess Hall of Fame®." Vaughan and WCF filed counterclaims against WCHOF for WCHOF's alleged infringement of the claimed trademarks "World Chess Federation®" and/or "World Chess Federation Hall of Fame."

Although Debtors listed the Nevada Suit, they did not schedule WCHOF as a creditor. Nor did they list any interests in WCF, the trademark, or the counterclaims against WCHOF in their initial Schedule B. This was because Mr. Vaughan had personally transferred the trademark to WCF four days prior to the bankruptcy filing on May 16, 2013. Debtors did not disclose the transfer in response to Question No. 10 of the SOFA, which requires debtors to list all transfers of property outside of the ordinary course of business made within two years before the petition date.

Debtors received their discharge on August 20, 2013.

Trustee later learned that Debtors failed to disclose the above-described potential assets. She obtained an order authorizing her to employ Christine A. Roberts of Sullivan Hill Lewin Rez & Engel (Sullivan Hill) as general counsel to aid her in investigating the nondisclosure and filing a potential complaint for nondischargeability. Ms. Roberts subsequently left Sullivan Hill and went to Furnier Muzzo Group LLC (Furnier Muzzo). Trustee sought another order authorizing employment of Ms. Roberts' new firm. Debtors filed four opposition briefs to this employment application. Following a hearing, the bankruptcy court approved Trustee's retention of Furnier Muzzo over Debtors' objections by order dated September 3, 2014.

On December 9, 2013, Trustee filed an application to employ

-4-

Bryan Cave LLP (Bryan Cave) as special counsel to investigate potential claims relating to recovery of the estate's assets. On February 3, 2014, the bankruptcy court granted Trustee's application over Debtors' objections which were based on Bryan Cave's alleged adverse interest since the firm represented WCHOF in the Nevada Suit.[3]

On March 6, 2014, Trustee moved for an order directing examinations under Rule 2004 as to Debtors and three non-debtor affiliated entities (Rule 2004 Motion). One of the non-debtor affiliates to be examined was WCF, the entity to whom Mr. Vaughan had transferred the trademark. Trustee asserted that Debtors were officers and/or directors of WCF, and that Mr. Vaughan had transferred the trademark to WCF four days before filing his bankruptcy petition. Trustee sought to examine Debtors about their relationship with WCF and the transfers between them. The motion requested an order directing Debtors and the person most knowledgeable with respect to certain non-debtor affiliates (WCF, American Chess Association, Inc., and Nevada State Chess Association, Inc.) to appear for examination at Sullivan Hill on a date to be determined by the court. Debtors opposed the Rule 2004 Motion on various grounds and continued to object to Trustee's employment of Bryan Cave.

On May 27, 2014, following a hearing, and over Debtors' objection, the bankruptcy court entered an order granting the Rule 2004 Motion and directing Debtors to submit to examination

---

[3] Bryan Cave served at no charge to the estate subject to WCHOF's right to seek allowance of an administrative claim based upon making a "substantial contribution" to the estate.

(Rule 2004 Order).  The order provided:

> IT IS THEREFORE ORDERED that the trustee's Motion for Order Directing Examinations Under Rule 2004 As to Debtors Stan Bryan Vaughan, Tatiana Vaughan and Certain Non-Debtor Affiliates As Identified Herein, ECF No. 79, be and the same hereby is, GRANTED.
>
> IT IS FURTHER ORDERED that the Chapter 7 trustee may schedule the examinations, production of documents, and inspection of premises, to take place no earlier than fourteen calendar days from the date of entry of this Order.

The Rule 2004 Order did not state the location of the examinations (as had the Rule 2004 Motion), but instead said that Trustee may schedule them.  A copy of the Rule 2004 Order was served on each of the debtors, by first class mail, on May 29, 2014.

On June 3, 2014, Debtors moved for reconsideration arguing, among other things, that there was no justification for their examinations because "no valid proofs of claim have been filed." They also asserted that the Rule 2004 Order should be vacated or, alternatively, that any Rule 2004 examination should be suspended until valid claims had been filed.  The motion was scheduled for hearing on July 9, 2014.

On June 24, 2014, pursuant to the Rule 2004 Order, Trustee filed and served her notice scheduling Debtors' Rule 2004 examinations to commence on July 16, 2014 and July 17, 2014, respectively, at the law office of Campbell & Williams in Las Vegas, Nevada (Notice).

In their July 1, 2014, reply to Trustee's opposition to their motion for reconsideration, Debtors argued that the Notice was in contempt of court because it directed them to appear for examination at Campbell & Williams rather than Sullivan Hill, as

originally requested in Trustee's Rule 2004 Motion.

Debtors challenged the Notice in four motions also filed on July 1, 2014. In a motion for a protective order, they sought an order governing the designation and handling of certain confidential information being illegally sought through Trustee by the initiative of Bryan Cave. In a motion for an order to suspend, terminate, or in the alternative limit the 2004 examinations due to bad faith, Debtors challenged the Rule 2004 Motion as having been filed in bad faith for an improper purpose. They also filed a motion for sanctions and a motion to show cause for contempt of order that mostly repeated the arguments made in the previous described motions. In addition, each of the four motions contained arguments that the Notice violated the Rule 2004 Order because it scheduled their examinations at a different location than was proposed in the Rule 2004 Motion. The group of motions was scheduled for hearing on August 27, 2014, after their 2004 examinations set for July 16 and 17, 2014.

The bankruptcy court heard Debtors' motion for reconsideration on July 9, 2014, and denied that request by order entered on July 11, 2014 (Reconsideration Order). Debtors appealed the Reconsideration Order on July 14, 2014, by filing a notice of appeal, an emergency motion for leave to appeal, and an emergency motion for stay pending appeal. This Panel denied leave to appeal the Reconsideration Order and denied stay pending appeal, which was followed by an order dismissing the appeal for lack of jurisdiction.

Trustee's counsel appeared at Campbell & Williams on

July 16 and 17, 2014, at the times scheduled for Debtors' Rule 2004 examinations. Debtors did not appear for examination at that location.

On July 31, 2014, Trustee filed a motion to compel attendance under Rule 2005(a)(3).[4] Her motion and supporting exhibits showed that her attorneys tried to contact Debtors by email and telephone to confirm their attendance at the Rule 2004 examinations, but Debtors did not respond to these communications, nor did they appear for examination at the scheduled times. Trustee argued that Debtors had willfully disobeyed the court's earlier orders - the Rule 2004 Order and the Reconsideration Order - directing them to submit to examination.

In response, Debtors reiterated their opposition to Trustee's employment of Bryan Cave. They also argued that Trustee's efforts were a "manifest injustice," given that their discharge had already been entered, and that she was using discovery for an improper purpose. In their opposition and

---

[4] Rule 2005(a) provides that "[o]n motion of any party in interest supported by an affidavit alleging . . .

> (3) that the debtor has willfully disobeyed a subpoena or order to attend for examination, duly served, the court may issue to the marshal, or some other officer authorized by law, an order directing the officer to bring the debtor before the court without unnecessary delay. If, after a hearing, the court finds the allegations to be true, the court shall thereupon cause the debtor to be examined forthwith. If necessary, the court shall fix conditions for further examination and for the debtor's obedience to all orders made in reference thereto.

subsequent sur-reply, they again alleged confusion as to the location of their examinations because Trustee's Notice set the examinations at the office of Campbell & Williams, rather than the firm of Sullivan Hill, as stated in the initial Rule 2004 Motion. They accused Trustee of bad faith and denied receipt of any emails or telephone calls from Trustee's counsel about confirming their attendance at the examinations.

In her supporting declaration, Ms. Vaughan declared that Debtors had appeared for the scheduled examination at Sullivan Hill and that she had business cards from its address as well as a parking receipt for that date from the parking lot attendant located next to Sullivan Hill. She claimed no one representing Trustee appeared. Ms. Vaughan also declared that she and Mr. Vaughan along with other witnesses were at their residence on the designated date for the inspection of documents, but no one heard the doorbell and no one knocked on the door.[5]

On August 19, 2014, Trustee commenced the adversary proceeding seeking to revoke Debtors' discharge because (1) the discharge had been obtained through fraud, including failure to disclose assets and information to the bankruptcy court as required, and (2) Debtors had refused to obey lawful orders of the bankruptcy court, including the Rule 2004 Order, in violation of § 727(a)(6)(A).[6] When the adversary proceeding was

_____

[5] Debtors lived in a gated community which had a call box at the gate. Trustee's attorney had used the call box several times on the designated date and no one answered the call.

[6] After Trustee filed the adversary proceeding, Debtors continued to object to the employment of Bryan Cave in that

-9-

filed, Debtors continued to refuse to provide Trustee's court-ordered discovery that had been requested since March 6, 2014.

The bankruptcy court heard Trustee's motion to compel on August 27, 2014.[7] Debtors' motions for a protective order, to suspend or terminate the Rule 2004 examinations, for sanctions against Trustee's counsel, and to show cause for contempt regarding the Rule 2004 examinations were also heard on that date. On October 7, 2014, the bankruptcy court granted Trustee's motion to compel and denied Debtors' four motions.

In its order compelling attendance, the bankruptcy court rejected Debtors' argument that Trustee was proceeding in bad faith, noting that she was instead seeking to satisfy statutory duties imposed by the Bankruptcy Code. The court observed that relief under Rule 2005(a)(2) was proper upon a showing "that the debtor has evaded service of a subpoena or of an order to attend for examination." Based on the evidence before it, the court found that both Debtors failed to appear at the Rule 2004 examinations, and that "they have thus evaded" the Rule 2004 Order. The court ordered Debtors to appear in the bankruptcy court on October 20 and 21, 2014, so these examinations could occur. The order further advised that, "Failure of either of the Debtors to appear will subject them to sanctions."

As required by the order on motion to compel, Debtors appeared in court for examination on October 20 and 21, 2014.

---

[6](...continued)
proceeding.

[7] This motion was heard by Judge Mike K. Nakagawa.

However, they filed an emergency motion for a protective order and an ex parte application for order shortening time to hear the emergency motion for protective order on the same day that Mr. Vaughan was to be examined. Because the motions were inappropriately filed in the adversary action, rather than the main bankruptcy case, they were not considered by the bankruptcy court.

Meanwhile, in the adversary proceeding, Trustee moved for partial summary judgment on her request to revoke Debtors' discharge under § 727(d)(3) and (a)(6)(A).[8] Trustee argued that there were no disputed material facts relevant to the elements for revocation of discharge under § 727(a)(6)(A): awareness of the order and refusal to obey it. Trustee asserted that Debtors were aware of the Rule 2004 Order as demonstrated by their numerous filings opposing the examinations.

She also argued that Debtors' failure to appear for their examinations was willful and intentional and thus they "refused" to obey the court's order within the meaning of § 727(a)(6)(A). Trustee maintained that the issue of their willful or intentional refusal to obey the order was previously decided by the bankruptcy court when it found Debtors had "evaded" its Rule 2004 Order in the order granting her motion to compel. As this finding was law of the case, Trustee argued that summary judgment in her favor was warranted on this issue.

---

[8] Debtors filed a counter motion for summary judgment. Because the counter motion largely mirrored their opposition to Trustee's motion, the bankruptcy court treated it as a supplemental opposition rather than an independent motion for summary judgment.

-11-

The bankruptcy court granted Trustee's motion, finding that as a matter of law, Debtors were aware of the Rule 2004 Order and willfully and intentionally refused to obey it. In exercising its discretion to revoke Debtors' discharge, the bankruptcy court considered that Debtors had eventually complied with the order. The court observed that Debtors' refusal to obey the order was willful and intentional and that they complied with the order only after being ordered to comply under the threat of further sanctions. The bankruptcy court decided that revocation was appropriate under these circumstances. The court entered the judgment[9] revoking their discharge and Debtors timely appealed.

## II. JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A), (J) and (O). We have jurisdiction under 28 U.S.C. § 158.

## III. ISSUES

Whether the bankruptcy court erred in granting Trustee's motion for partial summary judgment; and

Whether the bankruptcy court abused its discretion in revoking Debtors' discharge.

## IV. STANDARDS OF REVIEW

We review summary judgments de novo; facts determined for summary judgment proceedings are not entitled to the clearly erroneous standard of appellate review. Audre, Inc. v. Casey

---

[9] The judgment also dismissed Count I of the adversary complaint which pertained to § 727(d)(1)(discharge obtained by fraud). Accordingly, the judgment was final.

-12-

(In re Audre, Inc.), 216 B.R. 19, 25 (9th Cir. BAP 1997).  If the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law, summary judgment will be upheld.  Civil Rule 56(c), incorporated by Rule 7056; see Aubrey v. Thomas (In re Aubrey), 111 B.R. 268, 272 (9th Cir. BAP 1990).

What constitutes law of the case presents a legal issue that this Panel reviews under a de novo standard.  Liberty Mut. Ins. Co. v. Equal Emp't Opportunity Comm'n, 691 F.2d 438 (9th Cir. 1982); AT & T Universal Card Servs. v. Black (In re Black), 222 B.R. 896, 899 (9th Cir. BAP 1998).

We review the bankruptcy court's decision to revoke a discharge for an abuse of discretion.  Cox v. Lansdowne (In re Cox), 904 F.2d 1399, 1401 (9th Cir. 1990) (stating the standard of review as a "gross abuse of discretion," but applying traditional abuse of discretion standard); Devers v. Bank of Sheridan (In re Devers), 759 F.2d 751 (9th Cir. 1985).

Review for abuse of discretion has two parts.  First, "we determine de novo whether the bankruptcy court identified the correct legal rule to apply to the relief requested." U.S. v. Hinkson, 585 F.3d 1247, 1261-62 (9th Cir. 2009) (en banc).  If so, we then determine under the clearly erroneous standard whether the bankruptcy court's factual findings and its application of the facts to the relevant law were "(1) illogical; (2) implausible; or (3) without support in inferences that may be drawn from the facts in the record."  Id.

-13-

at 1262.

## V. DISCUSSION

**A.  Scope of the Appeal**

Debtors list four issues in their opening brief.  In three of the issues Debtors challenge (1) the standing of Trustee to file the adversary proceeding; (2) the employment of her general counsel; and (3) the employment of Bryan Cave as special counsel.

While the bankruptcy court did not mention Trustee's standing in its decision granting her partial motion for summary judgment, Debtors raised similar issues regarding Trustee's use of her maiden/professional name rather than her married name in several motions filed in this proceeding.  Each time the bankruptcy court rejected their arguments.  We reviewed the issue and find no merit to Debtors' arguments on appeal.  Therefore, the bankruptcy court's rulings on the issue are summarily affirmed.

Debtors' arguments regarding the employment orders of general counsel and Bryan Cave are mostly incomprehensible.  The payment arrangement Debtors object to in Bryan Cave's employment order will not become reviewable on appeal unless and until a request for reimbursement from the estate is actually made and granted.  Until then, the matter is not ripe.[10]  Accordingly,

---

[10] Debtors also filed an objection to the appearance of Bryan Cave in this appeal on October 29, 2015.  In their opening brief, Debtors' only argument regarding the employment was a bare assertion that the employment violated § 327(e).  The employment was approved under § 327(c), not subsection (e).  Debtors'
(continued...)

-14-

those matters are beyond the scope of this appeal and not properly before us.

**B.    Summary Judgment**

### 1.    Standards

In reviewing the bankruptcy court's decision on a motion for summary judgment, we apply the same standards as the bankruptcy court.  Summary judgment is properly granted when no genuine and disputed issues of material fact remain, and, when viewing the evidence most favorably to the non-moving party, the movant is entitled to prevail as a matter of law.  Civil Rule 56, incorporated by Rule 7056; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  Material facts which would preclude entry of summary judgment are those which, under applicable substantive law, could affect the outcome of the case.  The substantive law will identify which facts are material.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of showing that there is no material factual dispute.  If the moving party meets its initial burden of showing the absence of a material and triable issue of fact, the burden then moves to the opposing party, who must present significant probative evidence tending to support its claim or defense.  Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991).  In other words,

---

[10](...continued)
failure to "specifically and distinctly" identify and argue any relevant law on the employment issue results in the waiver of that issue.  See Indep. Towers of Wash. v. Washington, 350 F.3d 925, 929 (9th Cir. 2033).  Therefore, we do not consider the issue further and the objection is overruled.

the non-moving party must show more than the mere existence of a scintilla of evidence. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 252 (1986). In fact, the non-moving party must come forth with evidence from which a factfinder could reasonably decide in the non-moving party's favor. <u>Id.</u>

### 2. Trustee's Prima Facie Case Under § 727(a)(6)(A)

Section 727(d)(3) provides that the court shall revoke a debtor's discharge upon the trustee's request if the debtor committed an act enumerated in § 727(a)(6). Section 727(a)(6)(A) provides that a debtor is not entitled to a discharge if he "has refused . . . to obey any lawful order of the court, other than an order to respond to a material question or to testify."[11]

---

[11] The Fifth Amendment provides, in its relevant part: "No person . . . shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. This privilege against self-incrimination applies to bankruptcy proceedings. <u>McCarthy v. Arndstein</u>, 266 U.S. 34, 41 (1924). The "other than an order to respond to a material question or to testify" clause contained in § 727(a)(6)(A) recognizes that a debtor may appear at a Rule 2004 examination and "refuse" to answer material questions or testify based on the assertion of the Fifth Amendment privilege. Under these circumstances, the debtor cannot be denied a discharge for legitimately exercising his or her right against self-incrimination. Subsections 727(a)(6)(B) and (C) allow the bankruptcy court to deny the debtor a discharge if he or she refuses to respond to a material question approved by the court or to testify after a grant of immunity under § 344, or improperly asserts the Fifth Amendment.

Here, the Rule 2004 Order required Debtors to appear for examination and it was their refusal to appear which triggered the revocation of their discharge rather than the exception. Courts have found that a debtor's knowing and intentional failure to appear for an examination ordered under Rule 2004 is an example of refusal to obey a lawful order within the meaning of § 727(a)(6)(A) even though the examination requires the debtor to testify. <u>See</u> <u>U.S. Tr. v. Lebbos (In re Lebbos)</u>, 439 B.R. 154,

(continued...)

-16-

Because the bankruptcy court had jurisdiction over the subject matter and Debtors, there is no dispute as to the Rule 2004 Order's lawfulness. See Rainsdon v. Anderson (In re Anderson), 526 B.R. 821, 825-26 (Bankr. D. Id. 2015) (citing Rainsdon v. Leiser (In re Leiser), 2014 WL 3548929, at *3-4 (Bankr. D. Idaho July 17, 2014) (addressing revocation of discharge under § 727(d)(3) based on an alleged violation of § 727(a)(6)(A) and citing Maness v. Meyers, 419 U.S. 449, 459 (1975) (stating "an order issued by a court with jurisdiction over the subject matter and the person must be obeyed by the parties until it is reversed by orderly and proper proceedings.")).

To prove Debtors "refused" to obey the Rule 2004 Order within the meaning of § 727(a)(6)(A), Trustee must show that Debtors (1) were aware of the order and (2) willfully or intentionally refused to obey the order (i.e., something more than a mere failure to obey the order through inadvertence, mistake or inability to comply). Schwarzkopf v. Goodrich (In re Michaels), 2009 WL 7809926, at *5 (9th Cir. BAP Feb. 27, 2009) (citing Smith v. Jordan (In re Jordan), 521 F.3d 430, 434 (4th Cir. 2008)); see also Hicks v. Decker (In re Hicks), 2006 WL

[11](...continued)
164-65 (E.D. Cal. 2010)(debtor's failure to appear for Rule 2004 examinations warranted denial of discharge under § 727(a)(6)(A)); Guar. Bank & Trust Co. v. Sanford (In re Sanford), 362 B.R. 743 (Bankr. M.D. La. 2007) (revocation of discharge for failure to appear for Rule 2004 examination); Sicherman v. Rivera (In re Rivera), 338 B.R. 318, 329-30 (Bankr. N.D. Ohio 2006) ("Despite the fact that 2004 exam includes an order to testify, such complete failure may be grounds for revoking and denying discharge.").

-17-

6810987, at *8 (9th Cir. BAP February 1, 2006) (stating that the common definition of "refuse" requires a willful expression of noncompliance).  Trustee has the burden of proving these elements by a preponderance of the evidence.  In re Hicks, 2006 WL 68110987, at *8 (citing Searles v. Riley (In re Searles), 317 B.R. 368, 377 (9th Cir. BAP 2004)).

On appeal, Debtors do not assign error to the bankruptcy court's decision regarding their awareness of the Rule 2004 Order nor do they even discuss the issue.  Nonetheless, upon our de novo review, we conclude no rational factfinder could infer that Debtors were not aware of the Rule 2004 Order based on the record before us.  The undisputed facts show that Debtors were served with the Notice which gave the date, time and location of their examinations at the law office of Campbell & Williams.  Further, the record shows that Debtors repeatedly attacked the Rule 2004 Order through numerous motions, which included, among other things, their objection to the location of the examinations at Campbell & Williams.  The only rational inference to be drawn from these motions is that Debtors were aware of the Rule 2004 Order and where their examinations were to take place.  Finally, the bankruptcy court denied their motion for reconsideration of the Rule 2004 Order and related motions, thereby reaffirming Debtors' obligation to comply with the Rule 2004 Order.  Debtors then unsuccessfully appealed the bankruptcy court's denial of their motion for reconsideration.  Again, this conduct shows their awareness.  Because there are no disputed facts which would preclude summary judgment on this issue, Debtors' awareness of the order was established as a matter of law.

-18-

"Refusal" to obey within the meaning of § 727(a)(6)(A) requires Trustee to show that the debtor "willfully or intentionally refused to obey the order." In re Michaels, 2009 WL 7809926, at *5. A debtor's willful or intentional refusal to obey requires conduct which amounts to something more than a "mere failure to obey the order through inadvertency, mistake or inability to comply." Id.

The record shows that there are no disputed facts for a factfinder to resolve on the issue of whether Debtors' refusal was willful or intentional. Many of the same facts relating to Debtors' awareness of the Rule 2004 Order are also relevant to this issue. Debtors were served with the Notice and, therefore, had actual knowledge of the date, time and location of the examinations they had been ordered to attend. Yet, they disregarded it. On numerous occasions, Debtors alleged appearance at Sullivan Hill, despite the Notice which showed the examinations were scheduled at a different location.

The record before us does not support an inference that Debtors actually appeared at Sullivan Hill or that Debtors were confused about where to go. They challenged the location of their examinations at Campbell & Williams and argued confusion many times prior to their scheduled examinations, including in their reply filed in support of the motion for reconsideration. The bankruptcy court denied their motion, reconfirming that they were required to comply with Rule 2004 Order and Notice, which stated the location of the examinations was at the law firm of Campbell & Williams. There are thus no disputed facts based on this argument.

-19-

Moreover, in granting Trustee's motion to compel, the bankruptcy court found that Debtors "evaded" the Rule 2004 Order. This finding applies broadly enough so that the bankruptcy court did not need to reconsider the issue of Debtors' willful or intentional refusal to obey the Rule 2004 Order by application of the law of the case doctrine. United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997) (Under the law of the case doctrine, "'a court is generally precluded from reconsidering an issue that has already been decided by the same court . . . .'"). As explained by the bankruptcy court, to find that Debtors had "evaded" the Rule 2004 Order, Debtors had to have had knowledge of the order and taken affirmative action to avoid complying with it. Therefore, by necessary implication, Debtors' "evasion" of the Rule 2004 Order establishes that their non-compliance with it was willful and intentional rather than inadvertent, by mistake, or inability to comply. Evasion, like refusal, requires something more than a mere failure to obey the order through inadvertency, mistake or inability to comply. Debtors presented no grounds for departing from the application of the law of the case in the bankruptcy court or in this appeal.

Even if the law of the case doctrine did not apply, Debtors do not point to any significant probative evidence that creates a genuine factual dispute on the issue whether their refusal to obey the Rule 2004 Order was willful or intentional. Construing the evidence in the light most favorable to Debtors, there is no reasonable basis from which the finder of fact could conclude that Debtors' failure to comply with the Rule 2004 Order was inadvertent, by mistake, or that they had an inability to comply.

The facts do not support such an inference.

In sum, upon our de novo review, we conclude that the bankruptcy court properly granted Trustee's motion for partial summary judgment with respect to the elements for revocation of discharge under § 727(d)(3) and (a)(6)(A).

**C.    The bankruptcy court did not abuse its discretion by revoking Debtors' discharge.**

Nonetheless, the bankruptcy court still has discretion to decide whether the Debtors' refusal to obey the Rule 2004 Order was sufficiently serious to warrant revocation of their discharge.  Debtors argue that the bankruptcy court's revocation of discharge was manifestly "unfair" in light of the facts they appeared at Sullivan Hill, but also eventually appeared for their examinations.  The bankruptcy court rejected their first argument and considered their eventual compliance when evaluating whether their refusal to obey the Rule 2004 Order was sufficiently serious to revoke their discharge under § 727(a)(6).  In concluding that Debtors' refusal to obey was sufficiently serious, the bankruptcy court found that they knowingly elected to evade their examinations which were lawfully ordered by the court and properly scheduled by Trustee.  The court also observed that their belated compliance was far from voluntary, but rather mandated by the order granting Trustee's motion to compel, which directed Debtors to appear under threat of further sanctions.  Based on these facts, the bankruptcy court concluded that their eventual appearance did not preclude the granting of partial summary judgment in Trustee's favor and the revocation of their discharge.

We do not discern any abuse of discretion under these circumstances. The bankruptcy court correctly applied the law regarding revocation under § 727(a)(6)(A). Furthermore, based on the undisputed facts in the context of summary judgment, the bankruptcy court acted well within its discretion when deciding that revocation of Debtors' discharge was warranted.

## VI.   CONCLUSION

For the reasons stated, we AFFIRM.